STATE of Missouri,
Plaintiff-Respondent,

v.

Roy Bert NELSON, Defendant-Appellant.

No. 11094.

Missouri Court of Appeals,
Southern District,
Division Four.

March 11, 1980.

Motion for Rehearing and Transfer
Denied March 31, 1980.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Michael D. Garrett, Garrett & Woods, Monett, for defendant-appellant.

BILLINGS, Judge.

Defendant Roy Bert Nelson was convicted of burglary in the second degree [§ 560.-045, RSMo 1969] by a Barry County jury and sentenced by the trial court to a five year prison term. We affirm.

The sufficiency of the evidence to support the verdict is not questioned. The jury found that defendant had unlawfully entered a dwelling house near Monett, Missouri, with the intent to commit rape.

Defendant complains he was not arraigned until sometime during the voir dire of the jury panel and was therefore deprived of a fair opportunity to prepare his defense to the amended information filed on the day of trial. We note defendant does not contend he was surprised or prejudiced by the amended information, and the record does not reflect any objection to it being filed. During voir dire of the panel, at defendant's request, he was formally arraigned on the amended information and entered a plea of not guilty.

The first problem defendant is confronted with in advancing this assignment is that it is not preserved for appellate review. There was no objection by the defendant concerning his arraignment and the matter is not mentioned in his motion for new trial. Trial courts are not to be convicted of error for a reason not presented to them and mentioned for the first time on appeal. *State v. Crow*, 486 S.W.2d 248 (Mo.1972); Rule 27.20(a), V.A.M.R. Secondly, defendant was in fact arraigned on the charge contained in the amended information. An arraignment after opening statement has been held sufficient. *State v. Harrison*, 29 S.W.2d 63 (Mo.1930). Lastly, where a defendant is tried as if he had been arraigned and entered a plea of not guilty, the failure of the record to show arraignment and entry of such plea does not constitute reversible error. *State v. Miles*, 364 S.W.2d 532 (Mo.1963), 9 A.L.R.3d 1266; Rule 25.04, V.A.M.R.

Defendant next contends that his challenge for cause of venireman Leonard should have been sustained by reason of Leonard's law enforcement background. Defendant argues that after Leonard stated, in reply to questions by defense counsel, that he had been a policeman in Purdy, Missouri, a deputy sheriff in Barry County, and a former prison guard, that the trial judge had an affirmative duty to "explore possible prejudice" of Leonard. The transcript does not show any attempt by counsel for defendant to further interrogate Leonard to determine whether or not his previous law enforcement positions would prejudice him against the defendant. In *State v.*

*Russ,* 574 S.W.2d 5 (Mo.App.1978), the court ruled: "A former affiliation with law enforcement [27 years as a police officer], standing alone, is not a ground for challenge for cause." 574 S.W.2d at 6. We agree and deny the point.

Defendant's claim that the trial court erred in its failure to give MAI–CR 2.80 [Verdict Mechanics: Unanimity Required] is not preserved for review. At trial, defendant made a general objection to the instructions given by the court. In his motion for new trial defendant alleged error in all of the instructions given "for the reason that said instructions do not follow the proper language of the Missouri Approved Criminal Instructions, and for the further reason that same constitute an undue comment upon the evidence and said instructions unfairly state the law of the State of Missouri." By failing to specify at trial or in his motion for new trial the omission of MAI–CR 2.80 as grounds for error, the point is not preserved for review. *State v. Young,* 534 S.W.2d 585 (Mo.App. 1976); Rules 20.03 and 27.20(a), V.A.M.R. We do not deem the failure of the trial court to give MAI–CR 2.80, a mandatory instruction, to be prejudicial in this case because the court gave MAI–CR 4.50, an instruction which required a unanimous finding by the jury of defendant's guilt.

Defendant's final point is directed to the court's giving MAI–CR 4.50. The transcript shows that after the jury had deliberated for about two hours the jury informed the court, via the bailiff, they had reached a verdict but "needed help in assessing punishment." The jury was brought in and a spokesman advised the court that the jury had arrived at a verdict. The proposed verdict read: "We, the jury, find the defendant Roy Bert Nelson guilty of Burglary in the Second Degree. We assess punishment at blank." The court thereupon gave MAI–CR 4.50 which read as follows:

"The Court will now read to you an additional instruction which will be handed to you with additional forms of verdict.

"If you unanimously find the defendant guilty you should fix his punishment.

If, however, after due deliberation, you find the defendant guilty but are unable to agree upon his punishment, you will complete the verdict form so stating, and in that event the Court will fix the punishment.

"You must bear in mind that under the law it is the primary duty and responsibility of the jury to determine whether the defendant is guilty or not guilty, and if he is guilty to fix the punishment."

Thereafter, after further deliberation, the jury returned with its verdict wherein they found the defendant guilty but were unable to agree upon the punishment.

We do not find an abuse of discretion by the trial court in giving MAI–CR 4.50, a discretionary instruction, and the point is denied.

The judgment is affirmed.

FLANIGAN, C. J., and GREENE and PREWITT, JJ., concur.

MAUS, J., recused.