**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Danny K. SUMMERLAND,
Defendant-Appellant.**

No. 11637.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 29, 1980.

Daniel T. Moore, L. Joe Scott, Daniel T. Moore, Poplar Bluff, for defendant-appellant.

John Ashcroft, Atty. Gen., Kathryn Marie Krause, Thomas G. Auffenberg, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Chief Judge.

The defendant was charged with arson in the second degree in that he knowingly damaged an inhabitable structure owned by another by starting a fire. § 569.050 RSMo 1978. Under the circumstances hereafter related, the jury by its verdict found the defendant guilty but could not agree upon his punishment. The court sentenced the defendant to imprisonment for four years. The defendant, apparently recognizing the contrary to be true, does not question the sufficiency of the evidence to support the verdict. A part of that evidence was the handwritten confession of the defendant, which he unsuccessfully attempted to repudiate. A brief outline of the evidence, viewed favorably to the state as required by

the verdict, *State v. Franco*, 544 S.W.2d 533 (Mo. banc 1976), is sufficient to set the background for the points raised by the defendant.

The defendant and his wife as tenants lived in a frame house located near a cafe. The house was owned by the proprietor of the cafe. The defendant's wife was employed as a cook at the cafe. On the evening in question the defendant and his wife quarreled about their bills and money matters. About 2:00 a. m. his wife woke the defendant and told him the house was on fire. That fire was extinguished by the fire department. The defendant's wife went to stay with her daughter. The defendant eventually went to sleep on a couch in the house. He was awakened about 7:00 a. m. by "the kids". After they left, as the defendant put it, "I was still mad at my wife and then I decided to burn the house". He sprayed lighter fluid on her clothes in the closet and lighted them with a match. When the smoke was so bad he had to leave, he went to the cafe and "yelled the house was on fire again". At that time the defendant's wife had reported for work at the cafe. The second fire was in a different area of the house and more extensively damaged the house than the first fire. The second fire was also extinguished by the fire department. One Augustine, a representative of the office of the State Fire Marshall, was in the city on other business at the time of the fires. At approximately 9:30 a. m. he investigated the fires, which included an interview with the defendant's wife. The defendant was arrested and taken to the police station where he made his confession.

The defendant's first point is that the trial court erred in giving MAI–CR2d 4.50 because at the time it was given the jury had not reached a verdict of guilty. MAI–CR2d 4.50 is the so-called Kerry Brown instruction and reads as follows:

The Court will now read to you an additional instruction which will be handed to you with an additional form of verdict. If you unanimously find the defendant guilty you should fix his punish-

ment. If, however, after due deliberation, you find the defendant guilty but are unable to agree upon his punishment, you will complete the verdict form so stating, and in that event the Court will fix the punishment.

You must bear in mind that under the law it is the primary duty and responsibility of the jury to determine whether the defendant is guilty or not guilty and if he is guilty to fix the punishment.

The instruction was approved under the statute then in force, § 546.440 RSMo 1978, now repealed, before the adoption of The Criminal Code. Under that statute the instruction could be given at the time of or after the submission of the case to the jury. MAI–CR1st 4.50, Notes on Use 1; *State v. Brown*, 443 S.W.2d 805 (Mo. banc 1969). Section 557.036 of The Criminal Code now defines the role of the court and jury in sentencing. Section 557.036 in part provides:

If the jury finds the defendant guilty but cannot agree on the punishment to be assessed, the court shall proceed as provided in subsection 1 of this section. If there be a trial by jury and the jury is to assess punishment and if after due deliberation by the jury the court finds the jury cannot agree on punishment then the court may instruct the jury that if it cannot agree on punishment that it may return its verdict without assessing punishment and the court will assess punishment.

MAI–CR2d 4.50, Notes on Use 1, provides such an instruction in the discretion of the court may be given " 'if after due deliberation by the jury the court finds the jury cannot agree on punishment' ". From reading MAI–CR2d 4.50 and § 557.036 together, it is apparent the jury need not return a formal verdict of guilty before that instruction may be given. Assuming, without deciding, the jury must agree upon guilt and in some manner communicate that determination to the court before the court may find the jury cannot agree upon punishment, the record in this case does not support the defendant's contention that the jury had not determined his guilt before the

instruction was given. A portion of the formal judgment reads as follows:

After hearing the evidence and instructions of the Court and the argument of the attorneys in this cause, the jury retires to deliberate at 5:40 p. m. to consider of its finding and afterwards on the same date at 8:05 p. m., the jury foreman having indicated to the Court that all but one member of the jury could agree on punishment, the said jury returns into open Court and the Court then finds that the jury cannot agree on punishment and reads an additional instruction number 14 and gives the jury an additional form of verdict.

This portion of the judgment is not inconsistent with the transcript or the judge's minutes. For the significance of this observation, see *State v. Sykes*, 400 S.W.2d 57 (Mo.1966); *State v. Fleshman*, 399 S.W.2d 56 (Mo.1966) and *State v. Mason*, 326 Mo. 973, 33 S.W.2d 895 (1930). This court is bound by the approved record on appeal of which that judgment is a part. *State v. Morris*, 523 S.W.2d 329 (Mo.App.1975).

■ The jury retired at 5:40 p. m. and continued to deliberate until 8:05 p. m. when the instruction in question was given. What is "due deliberation" is not solely dependent upon the passage of time, but upon all the circumstances. However, it should be noted that giving MAI–CR2d 4.50 has been held proper after the lapse of less time than in this case. *State v. Nelson*, 597 S.W.2d 250 (Mo.App.1980); *State v. Noble*, 591 S.W.2d 201 (Mo.App.1979). The trial court did not err in giving MAI–CR2d 4.50.

■ The defendant's next point is that the judgment must be reversed because in giving MAI–CR2d 4.50 the trial court omitted the word "unanimously". Not every omission from an MAI–CR instruction is prejudicially erroneous, but that effect is to be judicially determined. Rule 28.02(e). In determining that effect, all instructions are to be construed together. *State v. Holt*, 592 S.W.2d 759 (Mo. banc 1980). The court did give MAI–CR2d 2.80 which emphasizes the requirement of unanimity. In addition the

jury was polled and each juror expressed concurrence in the verdict of guilty. Under the circumstances the omission of the word "unanimously" was not prejudicial. *State v. Nelson*, supra.

 The defendant's third point is based upon a remark made by the trial court to the jury after MAI–CR2d 4.50 was given. The court then said, "I admonish you to recall all of the evidence and all instructions and continue to deliberate". Oral remarks of the trial court to the jury are to be made with extreme caution. *State v. Noble*, supra. However, the remarks in question only urged the jury to carry out its duty and could not have been prejudicial to the defendant. The defendant made no objection at the time the remarks were made and the point is denied. *State v. Morris*, 476 S.W.2d 485 (Mo.1971); *State v. Ray*, 554 S.W.2d 596 (Mo.App.1977).

 The defendant's last point concerns the admission of evidence. On her direct examination, when she was called by the defendant, the defendant's wife denied that she and the defendant had quarreled on the evening in question. She also contradicted several details in the defendant's confession. In rebuttal Augustine was permitted to say that when he interviewed the defendant's wife, she appeared to be incoherent. He went on to explain that she had told him that she was on medication for her nerves and high blood pressure and that she was unable to respond to his questions concerning the first fire and other circumstances. The defendant contends this was prejudicial error because Augustine was not qualified as a medical expert to express such an opinion. The testimony in question was not a medical opinion. It was an expression of the witness' observation of the defendant's wife's appearance and her ability to respond to his questions. The trial court did not err in admitting that testimony. *Klamberg v. Klamberg*, 428 S.W.2d 889 (Mo.App.1968); *State v. Risden*, 56 N.J. 27, 264 A.2d 214 (1980). The judgment is affirmed.

BILLINGS, P. J., and PREWITT, J., concur.