**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Johnny Lee WILLIAMS,
Defendant-Appellant.**

No. 48866.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

---

3. § 59.010, RSMo Cum.Supp.1984.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Henry B. Robertson, Public Defender, St. Louis, for defendant-appellant.

SIMON, Presiding Judge.

Johnny Lee Williams, defendant, was sentenced to fifteen (15) years for the offense of attempted robbery in the first degree, § 569.020 RSMo 1978 and twenty-five (25) years for the offense of armed criminal action, § 571.015 RSMo 1978 following a jury verdict in the Circuit Court of the City of St. Louis. Said sentences to run concurrently. Defendant appeals only the armed criminal action conviction. On appeal, he contends (1) The trial court erred by giving a verdict director on armed criminal action which was confusing, misleading and failed to submit the essential elements of the offense which led to a guilty verdict which could only have been rendered in disregard of the instructions that the jury were bound to follow. (2) Defendant should be discharged as to the armed criminal action count because the jury by initially returning no verdict on that charge it

implicitly acquitted him of that count. We reverse and remand as to the armed criminal action conviction.

The sufficiency of evidence is not questioned, therefore a brief statement of facts will suffice.

On January 18, 1984, at 2:00 a.m. a manager of Popeye's Famous Fried Chicken Restaurant located on Kingshighway in St. Louis, Missouri, was approached by defendant who had a shotgun outside of the restaurant. The manager and defendant proceeded to the door of the restaurant. The manager knocked on the unlocked door to get the attention of his co-workers. Another manager observed the situation, saw defendant with the shotgun and pressed the silent alarm button. Another employee then opened the restaurant door.

Once inside the restaurant, defendant inquired as to the location of the night deposit. He was told it was in the store safe. Defendant ordered the safe opened. After the managers made several falsely unsuccessful attempts to open the safe in an effort to stall defendant until police arrived, the safe was opened. Defendant then had one of the managers put the money from the safe in a pillow case he had brought with him. The police arrived shortly thereafter. Defendant, upon the arrival of the police, proceeded toward the back door of the restaurant dropping the pillow case filled with money. He surrendered to police before leaving the premises.

At trial, the jury was instructed as to first degree robbery, attempted robbery in the first degree and armed criminal action. The instruction given to the jury concerning armed criminal action was as follows:

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that the defendant is guilty under Count I of robbery in the first degree, and

Second, that the defendant committed that offense by, with or through the use, assistance or aid of a deadly weapon,

then you must find the defendant guilty under Count II or armed criminal action.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The jury returned a verdict of guilty of attempted robbery as to count one after almost 4 hours of deliberation. However, it failed to return a verdict as to the armed criminal action count. Consequently, the judge gave the jury the "hammer" instruction, MAI–CR 1.10 and sent it back to render its verdict as to the armed criminal action charge:

THE COURT: Ladies and gentlemen, of the jury, you must make a finding as to count II. The Court will accept your finding as to count I but you must make a finding as to count II. I will give the verdict form to count II and the instructions.

FOREMAN: Judge, I thought—

THE COURT: Don't make a statement. You must make a finding as to count II. I give you the verdict form as to count II and the instructions. Go back down to your jury room and decide count II.

FOREMAN: All right.

The jury retired and after one hour of deliberation returned a verdict of guilty on count two of armed criminal action.

We shall address defendant's first point on appeal, wherein he contends that the instruction on armed criminal action was misleading and confusing.

The basic function of an instruction is to aid the jury in [applying] the law as declared by the court to the facts in evidence. And the instructions must cover such legal principles, applicable to the evidence, which are necessary for the jury to apply [in order] to reach correct conclusions on the submitted issues.

*State v. Harris,* 313 S.W.2d 664, 671 (Mo. 1958). *See also* § 546.070(4) RSMo.Cum-Supp. 1984, Rule 28.02(a).

■ The trial court in this case failed to give sufficient instructions so that the jury could properly determine all the submitted issues based on the facts presented. The trial court must include all the essential elements of the offense charged. *State v. Harris,* supra. The instruction for armed criminal action given by the court provided for a conviction only if the jury found defendant guilty of first degree robbery. It did not provide for the possibility of an armed criminal action conviction based on the conviction of the lesser included offense of attempted robbery.

■ The armed criminal action statute provides that a person is guilty of the offense if he commits any felony with a dangerous or deadly weapon. § 571.015(1) RSMo 1978. Therefore, it would be possible for a jury to convict the defendant on armed criminal action when finding him guilty of the felony of attempted robbery. However, the jury cannot find the defendant guilty pursuant to this statute unless properly instructed. The jury is the finder of fact, not law. It is the duty of the judge to instruct on the law of the case and to do so correctly. *State v. Carter,* 585 S.W.2d 215, 218 (Mo.App.1979). The trial court must instruct the jury on all questions of law necessary for its guidance in returning a verdict. Rule 28.02(a).

The jury was not adequately advised as to the law. The trial court should have given an additional armed criminal action instruction wherein Paragraph First required a finding that defendant was guilty of attempted robbery in the first degree. Its failure to do so resulted in confusion. The jury's confusion was evidenced by the interaction between the judge and the foreman of the jury.

It is clear from this exchange that the jury's puzzlement was with regards to count II which dealt with the armed criminal action charge. The jury's confusion resulted in it returning a verdict which was inconsistent with the verdict director given for that count.

Pursuant to the instruction it was impossible for the jury to legally find defendant

guilty of armed criminal action. For a proper conviction of armed criminal action in accordance with the instruction, the jury needed to have found the defendant guilty of first degree robbery. It failed to find this essential element, therefore its verdict of guilty as to count two was improper. Moreover, the actual basis of the jury's verdict is unknown.

The jury's confusion resulting from the incorrect instruction was prejudicial to defendant. To contend that the prejudicial effect of the improper verdict director may be overcome by overwhelming evidence of guilt ignores the responsibility of the court and attacks the very basis of our system of justice. The court is the guardian of the law and must guide the jury in its quest for justice. To do otherwise, renders the court a mere bystander in the administration of one of our most cherished rights.

As to defendant's second point, we find no merit. We reverse and remand due to instructional error as to defendant's armed criminal action conviction.

Judgment reversed and remanded.

STEPHAN and SATZ, JJ., concur.