**STATE of Missouri, Plaintiff–Respondent,**

v.

**Angela GOUCHER, Defendant–Appellant.**

No. 25265.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 19, 2003.

Kent Denzel, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Office of the Attorney General, Jefferson City, for respondent.

Before PARRISH and SHRUM, JJ., and RAHMEYER, C.J.-P.J.

PER CURIAM.

Angela Goucher ("Defendant") appeals her conviction for possession of a controlled substance in violation of section 195.202.[1] Defendant urges reversal predicated upon several grounds. The first claim of error alleges the trial court plainly erred by failing to instruct the jury that its verdict must be unanimous. Because her first point is dispositive, we need not reach the other allegations of error. Finding merit in Defendant's instruction argument, we reverse and remand the case for further proceedings.

## RELEVANT FACTS AND ARGUMENTS ON APPEAL

■ The instruction at issue here is MAI–CR3d 302.05 which requires that a jury must render a unanimous verdict, whether guilty or not guilty.[2] The Notes

---

**1.** All statutory references are to RSMo (2000), unless otherwise indicated.

**2.** In pertinent part, the instruction is as follows:

"When you retire to your jury room, you will first select one of your number to act as your foreperson and to preside over your deliberations.

. . . .

"Your verdict, whether guilty or not guilty, must be agreed to by each juror. Although the verdict must be unanimous, the verdict should be signed by your foreperson alone. "When you have concluded your deliberations, you will complete the applicable form(s) to which you unanimously agree

on Use provide that this "instruction *must* be read to the jury *in every case.*" (Emphasis supplied.) Missouri courts require "religious observance both as to the forms themselves and the instructions contained in their Notes on Use." *State v. Billingsley,* 534 S.W.2d 484, 485 (Mo.App.1975).

At the instruction conference during the trial, neither Defendant nor the State offered the unanimous verdict instruction. After concluding its deliberations, the "jury" returned to open court with a guilty verdict, but the verdict form was unsigned. After the foreman signed the form, the court asked if either the State or Defendant wanted the jury polled, and each responded in the negative. In her motion for new trial, Defendant failed to include a claim that the trial court erred by failing to use the MAI–CR3d unanimous verdict instruction.

On appeal, the State agrees with Defendant that the failure to give MAI–CR3d 302.05 was error. The essence of the disagreement between the parties is the proper standard of review for this type of error.

Defendant acknowledges that the error is unpreserved, but claims the court's failure to charge the jury, that its verdict must be unanimous, constitutes plain error. She argues that "the jury's verdict could have been by a simple majority." Defendant further claims that she need not demonstrate prejudice or manifest injustice because this is a "structural error" and reversible *per se.*

The State counters that instructional errors are subject to normal appellate review, that is, prejudicial analysis or plain error analysis. Further, the State claims Defendant (admitting unpreserved error)

and return (it)(them) with all unused forms and the written instructions of the Court."

has failed to meet her burden to prove that a manifest injustice or a miscarriage of justice has resulted.

## DISCUSSION AND DECISION

■ The constitution of this state provides "[t]hat the right of trial by jury as heretofore enjoyed shall remain inviolate[.]" Mo. CONST. art. I, § 22(a). This constitutional provision guarantees a fundamental right that an accused shall enjoy a trial by twelve people that unanimously concur in the guilt of the defendant before he or she can be legally convicted. *State v. Hadley,* 815 S.W.2d 422, 425 (Mo.banc 1991); *State v. Hamey,* 168 Mo. 167, 67 S.W. 620, 623 (Mo.banc 1902).

Because this is a fundamental right, Defendant claims that the failure to instruct the jury that its verdict must be unanimous resulted in a structural defect in the trial requiring automatic reversal. Defendant, however, only cites federal cases to support her position.

Many errors of federal constitutional magnitude are subject to harmless error analysis. *Chapman v. California,* 386 U.S. 18, 22–23, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967). These violations are termed "trial errors" because they occur during the presentation of the evidence to the jury and can be quantitatively assessed in the context of the other evidence. *Arizona v. Fulminante,* 499 U.S. 279, 307–08, 111 S.Ct. 1246, 1264, 113 L.Ed.2d 302 (1991). On the other hand, a deprivation of certain basic protections will necessarily render a trial fundamentally unfair, i.e., structural defects which defy analysis by harmless error standards.[3] *Id.* at 309–10, 111 S.Ct. at 1264–65.

3. Examples of such errors include: (1) total deprivation of the right to counsel; (2) biased judge; (3) denial of right to self-representa-

■ The federal precedents cited by Defendant only provide guidance for our decision because the structural defects or errors found therein required automatic reversal only when they violated rights guaranteed by the U.S. Constitution. *Sullivan v. Louisiana,* 508 U.S. 275, 277–80, 113 S.Ct. 2078, 2080–82, 124 L.Ed.2d 182 (1993); *Fulminante,* 499 U.S. at 308–10, 111 S.Ct. at 1264–65; *Chapman,* 386 U.S. at 20–21, 87 S.Ct. at 826–27. This is important because, in non-capital cases, a state criminal defendant has no *federal* constitutional right to a unanimous jury verdict. *Johnson v. Louisiana,* 406 U.S. 356, 359–60, 92 S.Ct. 1620, 1623–24, 32 L.Ed.2d 152 (1972); *Apodaca v. Oregon,* 406 U.S. 404, 406, 92 S.Ct. 1628, 1630, 32 L.Ed.2d 184 (1972). Therefore, Defendant's structural error argument is not dispositive, and at best, it is only useful by way of analogy.

Opposing Defendant's argument, the State alleges that she must *"prove* manifest injustice[ ]" or a miscarriage of justice resulted from the instructional error. Moreover, the State claims that any argument for an automatic reversal is frivolous, citing *State v. Nelson,* 597 S.W.2d 250 (Mo.App.1980). In *Nelson,* the court declared that the failure to give the unanimous verdict instruction did not prejudice the defendant. *Id.* at 252. The court so held "because the [trial] court gave MAI-CR 4.50, an instruction which required a unanimous finding by the jury of defendant's guilt." *Id.*

■ The *Nelson* case does not control because those facts are not present in this case. Here, *no instruction* was ever given to the jury mandating that their verdict be unanimous. The State unavailingly argues that the prejudice was cured by the verdict director and the verdict form because both required the "jury, as a whole" to render a verdict.

First, nowhere in the verdict director are found the terms "jury" or "unanimous." Contrarily, the verdict director consistently uses the term "you." Second, the verdict form does use the terminology "we, the jury," but that fact does not necessarily bespeak *unanimity,* i.e., all twelve jurors agreed with the verdict. It is equally inferable that the jury believed only a simple majority was required based on the language of the form. We further note the verdict form was unsigned when returned to court. Moreover, the "jury" found Defendant guilty of the crime "as submitted in Instruction No. 1." The number "1" was presumably filled in by the jury; however, this instruction contained no allegations of a crime, as it was not the verdict director. Based on these facts, the State's argument, relying upon *Nelson,* is denied.

Finally, we consider the State's contention that Defendant must "prove" a manifest injustice or a miscarriage of justice resulted from the instructional error. This can be answered by carefully reading Missouri Supreme Court precedent, which we are obligated to follow.

■ In *State v. Wurtzberger,* 40 S.W.3d 893 (Mo.banc 2001), the court clarified that a defendant's failure to preserve instructional error because of Rule 28.03, namely, lack of a timely objection, does not preclude review of claims of plain error under Rule 30.20.[4] *Id.* at 897–98. If timely ob-

---

tion; and (4) lack of a public trial. *Fulminante,* 499 U.S. at 309–310, 111 S.Ct. at 1265.

4. All rule references are to Supreme Court Rules (2003), unless otherwise indicated. In pertinent part, Rule 30.20 provides, "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

jection is made to a court's failure to give an applicable Missouri approved instruction, the failure is presumed prejudicial, and the State has the burden to show otherwise. *State v. Westfall,* 75 S.W.3d 278, 284 (Mo.banc 2002); *State v. Weddle,* 88 S.W.3d 135, 138 (Mo.App.2002); Rule 28.02(f).

 This presumption of prejudice, however, disappears if review is waived per Rule 28.03 due to lack of a timely objection. *State v. Derenzy,* 89 S.W.3d 472, 475 (Mo.banc 2002); *State v. Thomas,* 75 S.W.3d 788, 791 (Mo.App.2002). When a defendant does not object to the absence of a mandated instruction, the burden devolves upon him or her to show plain error resulted therefrom.[5] *Id.; State v. Roe,* 6 S.W.3d 411, 415 (Mo.App.1999).

The question here is whether Defendant has met her burden of showing plain error. To answer that question, we start by considering cases decided by the Supreme Court of Missouri. First, in *Derenzy,* the court held that the defendant's claim of error, that the trial court failed to instruct the jury on a lesser included offense, was unpreserved. 89 S.W.3d at 474–75. The court determined that the instruction was mandatory after the defendant requested it and the evidence supported submission. *Id.* Even though the defendant submitted an erroneous instruction, the court held "[t]he trial court committed plain error by failing to provide [the lesser included offense instruction] to the jury." *Id.* at 475. The court did so *without analyzing* how this deprivation *caused* a manifest injustice or a miscarriage of justice. *Id.*

In *Derenzy,* the defendant met his burden of showing plain error by simply demonstrating that the trial court failed to give a mandatory instruction that possibly affected substantial rights. The dissenters in *Derenzy* suggested that the majority opinion changed the law in Missouri. *Id.* at 476–77. This court shares that view.

 Our view that *Derenzy* has lessened the burden of certain plain error claims is confirmed by the *Westfall* court. There, the supreme court stated: "Even if no objection is made, the failure to instruct upon a defense supported by the evidence *is* plain error affecting substantial rights." *Westfall,* 75 S.W.3d at 281 (emphasis supplied). The court hypothesized that even if no request was made for the instruction, the trial court was required to give such after the issue of self-defense was injected into the case.[6] *Id.* at 281 n. 9.

---

5. It must be noted here that instructional error seldom rises to the level of plain error, which requires the defendant to demonstrate more than mere prejudice. *Thomas,* 75 S.W.3d at 791. "For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice." *State v. Cline,* 808 S.W.2d 822, 824 (Mo.banc 1991). " 'Manifest injustice or miscarriage of justice' is not an easy phrase to define. 'Indeed the cases give the distinct impression that "plain error" is a concept appellate courts find impossible to define, save they know it when they see it.' " *State v. Doolittle,* 896 S.W.2d 27, 29 (Mo.banc 1995) (quoting *State v. Nolan,* 872 S.W.2d 99, 103 (Mo.banc 1994)) (overruled in part on other grounds by *Deck v. State,* 68 S.W.3d 418, 427 (Mo.banc 2002)).

6. Here, the trial court had a duty to correctly instruct the jury that its verdict must be unanimous. § 546.070(4); Rule 28.02(a); *State v. Williams,* 692 S.W.2d 307, 309 (Mo.App. 1985). Likewise, the prosecutor had an obligation to ensure Defendant received a fair trial. *State v. Selle,* 367 S.W.2d 522, 530 (Mo.1963). We believe it is because of these duties that the burden on appeal has been lessened by cases such as *Derenzy* and *Westfall.* It is illogical to force an appellant to "prove" the strict burden under Rule 30.20 when the fault lies not only with the defendant, but also with the prosecutor and the judge.

**920**

Although the *Derenzy* and *Westfall* courts fail to use the term "structural error," the results thereof are essentially the same, i.e., reversible error *per se.* Accordingly, the federal precedents analyzing structural errors are useful by analogy. In *Sullivan,* the trial judge gave the jury an instruction which incorrectly defined the term "reasonable doubt." *Sullivan,* 508 U.S. at 277, 113 S.Ct. at 2080. The U.S. Supreme Court held this to be a structural error requiring automatic reversal. *Id.* at 280–82, 113 S.Ct. at 2082–83. In essence, the "verdict" returned by the jury, under a constitutionally infirm definition of reasonable doubt, was, in reality, no verdict at all, thus depriving the defendant of the right to a trial by jury. *Id.* at 280–81, 113 S.Ct. at 2082–83. "The deprivation of that right, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.'" *Id.* at 281–82, 113 S.Ct. at 2083. We find no significant distinction in this case. We believe this type of analysis is precisely that used by the Supreme Court of Missouri in *Derenzy* and contemplated by it in *Westfall.*

 In the factual context of this case, and using the analysis made in *Derenzy* and *Westfall,* all that Defendant had to show was that the instruction was not given, no other instructions required a unanimous verdict, and the jury was not polled.[7] Defendant met that burden; consequently, the court's failure to instruct the jury on unanimity is plain error affecting substan-

tial rights.[8] *Derenzy,* 89 S.W.3d at 474–75; *Westfall,* 75 S.W.3d at 281.

The judgment is reversed and remanded.

---

**7.** It is axiomatic that if the jury were polled showing a unanimous verdict, then a structural error did not result. *See, e.g., State v. Badda,* 63 Wash.2d 176, 385 P.2d 859, 863 (1963); *State v. Mickens,* 61 Wash.2d 83, 377 P.2d 240, 243 (1962).

**8.** Although an instruction may be mandatory, this opinion should not be read as holding that all instructional error is *per se* reversible. Most defective instructional procedures are

subject to a prejudicial analysis. *Fulminante,* 499 U.S. at 306–07, 111 S.Ct. at 1263; *State v. Vivone,* 63 S.W.3d 654, 662 (Mo.App.1999). The error here requires automatic reversal because, in the words of Chief Justice Rehnquist, it "is a breed apart from the many other instructional errors that we have held *are* amenable to harmless-error analysis." *Sullivan,* 508 U.S. at 284, 113 S.Ct. at 2084 (concurring opinion).