STATE of Missouri, Appellant,

v.

Michael T. WHITE and Polsinelli, White, Vardeman & Shalton, P.C., Respondents.

No. 79029.

Supreme Court of Missouri, En Banc.

Jan. 21, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, Assistant Attorney General, Jefferson City, for Appellant.

Thomas C. Walsh, Mark W. Eggert, St. Louis, James L. Eisenbrandt, Jeffrey D. Morris, Overland Park, Kansas, for Respondents.

HOLSTEIN, Chief Justice.

The State of Missouri appeals the dismissal of separate informations filed against two defendants charging them with knowingly making false statements on gaming license applications. § 313.810.5.[1] Following opinion by the Missouri Court of Appeals, Eastern District, this Court granted transfer. Rule 83.03. The prosecutions are barred by the statute of limitation. § 556.036.2(2). The judgment dismissing the informations is affirmed.

### I.

The Attorney General filed separate informations against defendants White, an attorney, and Polsinelli, White, Vardeman & Shalton, P.C. (Polsinelli White), the law firm with which White was associated. The informations charged the defendants with one count

1. Unless noted otherwise, all statutory references are to RSMo 1994.

each of knowingly making a false statement on a gaming license application, a class A misdemeanor. § 313.810.5. The crimes charged against each defendant were alleged to have been committed on or about September 20, 1993. The informations were filed May 24, 1995, a year and eight months after the offenses charged. An amended information alleged, "For purposes of the statute of limitations, Section 556.036.3(1)[ ], the false and fraudulent character of this statement was discovered by an aggrieved party on or after October 1, 1994." Motions to dismiss were filed by the defendants contending that (1) the Attorney General did not have authority to file criminal charges because the case was not referred to him by the Missouri Gaming Commission and (2) the statute of limitations, § 556.036.2(2) barred prosecution. The trial court sustained the motions to dismiss, finding that the Attorney General had authority to initiate prosecutions only if the Gaming Commission made a criminal referral. The trial court declined to address the statute of limitations issue.

The State appeals the dismissal of the informations. If the trial court was correct in dismissing the informations for any reason, the judgment will be affirmed. This is true even if the reason stated was inadequate or incorrect. *State v. Bradley*, 811 S.W.2d 379, 383 (Mo. banc 1991).

### II.

The dispositive legal issues in this case are identical to those decided this date in *State v. Becker*, 938 S.W.2d 267 (Mo. banc 1997). The judgment of the trial court is affirmed on the ground that the prosecutions were barred by the applicable statute of limitations, § 556.036.2(2). In view of the Court's ruling, other claims need not be addressed.

BENTON, LIMBAUGH, ROBERTSON, COVINGTON, JJ., McHENRY, Senior Judge and GARRISON, Special Judge, concur.

PRICE and WHITE, JJ., not sitting.