STATE of Missouri, Appellant,

v.

Bruce F. BECKER and Capitol Queen
& Casino, Inc., Respondents.

No. 79012.

Supreme Court of Missouri,
En Banc.

Jan. 21, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, Assistant Attorney General, Jefferson City, for Appellant.

Donald L. Wolff, St. Louis, for Respondents.

HOLSTEIN, Chief Justice.

The State of Missouri appeals the dismissal of separate informations filed against two defendants charging them with knowingly making false statements on gaming license applications. *§ 313.810.5.*[1] Following opinion by the Missouri Court of Appeals, Eastern District, this Court granted transfer. *Rule 83.03.* The prosecutions are barred by the statute of limitation. *§ 556.036.2(2).* The judgment dismissing the informations is affirmed.

## I.

The Attorney General filed separate informations charging defendants Bruce Becker and Capitol Queen & Casino, Inc., with nine counts each of knowingly making a false statement on a gaming license application, a class A misdemeanor. The crimes were alleged to have been committed on or about September 20, 1993. The informations were filed on March 23, 1995, a year and a half later. Defendants moved for dismissal.

---

1. Unless noted otherwise, all statutory references are to RSMo 1994.

Though the informations were never amended, in a response to the defendants' motion to dismiss, the State claimed that the offenses were not discovered until approximately May 1, 1994. The trial court sustained the motion to dismiss, ruling not only that the State had no jurisdiction to file the charges absent a criminal referral by the Gaming Commission, but also that the prosecutions were barred by the statute of limitations and that the informations were insufficient because they failed to set forth essential facts constituting the offense charged.

■ The State appeals the dismissal of the informations. If the trial court was correct in dismissing the informations for any reason, the judgment will be affirmed. This is true even if the reason stated was inadequate or incorrect. *State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991).

### II.

The parties present what they consider to be the threshold issue of whether gambling violations may be prosecuted by the Attorney General. The relevant statute is § *313.830.7.* It provides:

> If the commission determines that reasonable grounds to believe that a violation of sections 313.800 to 313.850 has occurred or is occurring which is a criminal offense, the commission shall refer such matter to both the state attorney general and the prosecuting attorney or circuit attorney having jurisdiction. The state attorney general and the prosecuting attorney or circuit attorney with such jurisdiction shall have concurrent jurisdiction to commence actions for violations of sections 313.800 to 313.850 where such violations have occurred.

■ The first sentence of the above statute places upon the commission an affirmative responsibility to report such matters to the prosecuting authorities when there are reasonable grounds to believe that a criminal violation has occurred. Nowhere on the face of this provision does it state or even suggest that a referral by the Commission is a condition precedent to prosecution. Respondents would have the Court read the words "such jurisdiction" to mean "having received a referral." No authority is cited or found where "jurisdiction" was held to mean "receive a referral" in any context.

A common sense reading of the statute shows the words "such jurisdiction" in the second sentence merely refer to the language "the prosecuting attorney or circuit attorney having jurisdiction" found in the preceding sentence. This is to make clear that the prosecuting attorney in the county of proper venue has authority to pursue the prosecution rather than the prosecuting attorney in some other jurisdiction. *See* § *313.830.8* ("Venue for all crimes committed on an excursion gambling boat shall be the jurisdiction of the home dock city or county....."). Moreover, the plain meaning of the last sentence of the statute gives the Attorney General "concurrent jurisdiction" with the local prosecuting attorney. Under the plain language of the statute, the Attorney General's authority to prosecute is equivalent to that of the local prosecuting attorney. Both have such authority independent of any recommendation or referral by the Gaming Commission.

### III.

A prosecution for a misdemeanor must be commenced within one year of the date of the offense. § *556.036.2(2).* However, one exception to the statute provides:

> If the [limitation period] has expired, a prosecution may nevertheless be commenced for ... [a]ny offense a material element of which is either fraud or breach of a fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party....

§ *556.036.3(1).* The State believes the fraud exception is applicable here. "A person who knowingly makes a false statement on an application [for a gaming license] is guilty of a class A misdemeanor...." § *313.810.5.* As is readily apparent, the word "fraud" or one of its derivatives is not used in the statute defining the crime. Thus, the specific issue is whether "knowingly making a false statement" is equivalent to fraud.

■ Words in the statutes are to be construed in their "plain or ordinary and usual sense." *§ 1.090.* "Fraud" is a word having a degree of ambiguity. In its broadest sense, fraud is "[a] generic term, embracing all multifarious means by which human ingenuity can devise, and which are resorted to by one individual to get advantage over another by false suggestions or by suppression of truth, and includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *Black's Law Dictionary* 660 (6th ed. 1990). By contrast, the common law tort of fraud is defined more narrowly. It requires, among other things, a communication of a material falsehood which the speaker intends to be acted upon by the hearer in a manner reasonably contemplated. *See Sofka v. Thal,* 662 S.W.2d 502, 506 (Mo. banc 1983). Whether interpreted broadly or narrowly, one is driven to the same conclusion. In its ordinary and usual sense, fraud includes an intent by the speaker that the hearer rely on the misrepresentation or that the purpose of the one making the misrepresentation is "to get an advantage over another." As previously noted, the word "fraud" is not found in § 313.810.5. The crime is committed by "knowingly making a false statement" on an application for a gaming license even though the speaker has no intent that any person rely on it and no intent to gain some advantage for having made the false statement.

There are numerous instances in the criminal statutes where the word "fraud" or one of its derivatives is expressly used as a material element of the crime. *See, e.g., § 86.357* ("Any person who shall knowingly make a false statement ... in any attempt to defraud [the police retirement] system as a result of such act, shall be guilty of a misdemeanor...."); *§ 105.276* ("Any person who with intent to defraud uses on a public security or an instrument of payment a facsimile signature ... is guilty of a felony...."); *§ 137.420* ("Any false certification to any statement filed by any person with the county [property tax] assessor ... made with intent to defraud, shall constitute a misdemeanor and be punishable as such."); *§ 570.090* ("A person commits the crime of forgery if, with the purpose to defraud,

he...."). In drafting § 313.810, the legislature could have expressly required an intent to deceive or defraud the commission by the applicant as an element of the offense, but chose not to do so. Thus, fraud is not a material element of that crime.

As previously noted, the word "fraud" has been defined differently under varying circumstances. However, no definition suggests that knowingly making a false statement without an intent that someone rely on the statement amounts to fraud. A clearer word than fraud might be found. But to the extent that the word has a plain, ordinary and usual meaning, there is no room for courts to invent new or unheard of meanings. The Court must give effect to the statute as written. *M.A.B. v. Nicely,* 909 S.W.2d 669, 672 (Mo. banc 1995).

### IV.

The judgment of the trial court is affirmed on the ground that the prosecutions were barred by the applicable statute of limitations, *§ 556.036.2(2).* In view of the Court's ruling, other claims need not be addressed.

BENTON, PRICE, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and GARRISON, Special Judge, concur.

WHITE, J., not sitting.