**STATE of Missouri, Respondent,**

v.

**Daniel BINNINGTON
Defendant/Appellant.**

No. 72674.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 28, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 6, 1998.

Edward C. Kruse, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

On November 27, 1996, police were dispatched to the defendant's residence in University City. The defendant testified that he called the police when Leslie Woods–Harris, with whom he shared a daughter, entered his house and threatened him with a butcher knife which she took from the kitchen. The defendant was standing in the street in front of the house when Woods–Harris told the officer who answered the call that he had a gun. The defendant at this time had a loaded semi automatic pistol which was concealed under his waistband. When the officer asked him to raise his hands the pistol came into view.

The defendant was found guilty of violation of section 571.030.1(1) RSMo 1994,[1] unlawful use of a weapon. The information charged that he carried "concealed upon or about his person ... a firearm ... readily capable of lethal use." He was sentenced as a prior offender to five years imprisonment, with all but thirty days suspended, and with the opportunity to leave the jail for work during his thirty days of confinement.

■ In his first point, the defendant argues that, at the time of his arrest, his "... bona fide duty [was] to execute process, ..." and that he was thereby excused from complying with the governing statute pursuant to section 571.030.2(5). He offered to prove that he had a "license" from the Circuit Court of the City of St. Louis to serve process when specially authorized by the court, and asked that the jury be instructed accordingly. This license, however, only authorizes the holder to serve process when appointed by a court for a particular case. Section 506.140.1. The privilege of a special process server does not confer the blanket authority to carry concealed weapons throughout the state. The statutory exemption applies only if the defendant introduces evidence that he was performing duties as a process server while carrying the weapon. *See State v. Owen*, 258 S.W.2d 662, 665 (Mo.1953); *State v. Henderson*, 660 S.W.2d 373, 379 (Mo.App. 1983). The defendant, therefore, failed to lay

an evidentiary foundation for the instruction he sought, and there was no error in refusing it.

■ The defendant asserts in his second and fourth points that the court erred in refusing his request for self defense and defense of premises (Point II) instructions, and in refusing his offer to prove that Woods–Harris was a violent person whose propensities reasonably led him to believe that he might suffer death or serious bodily injury (Point IV). The short answer to his contentions is that neither self-defense nor defense of premises is a defense against the concealed weapons charge. Thus the instructions were not legally appropriate and the evidence of violent predisposition, though probably admissible in a self-defense situation to demonstrate reasonable fear, was legally irrelevant to the charges in the case now before us. Points II and IV, therefore, do not demonstrate error. *See State v. Parkhurst*, 845 S.W.2d 31, 36 (Mo.App.1992); *State v. Griffin*, 859 S.W.2d 816, 819 (Mo. App.1993). *Parkhurst* further indicates that the tendered instructions were defective in form because they did not hypothesize reasonable fear of death or serious injury. 845 S.W.2d at 36. The court is not obliged to give an instruction which is not meticulously correct. *American Family Mutual Ins. Co. v. Automobile Club Inter–Insurance Exchange*, 757 S.W.2d 304, 307 (Mo.App.1988) (citations omitted).

The evidence shows, moreover, that Woods–Harris left the knife inside the house when she went outside, while the defendant carried the gun outside in his waistband. Thus, he had no reason to fear her possible use of the knife after the two went outside.

The defendant hints at an exemption from section 571.030.1 based on section 571.030.3, which would exempt a person "in his dwelling unit" from the consequences of carrying a concealed weapon. The evidence shows that the defendant was standing in the public street when the arresting officer discovered that he was carrying a pistol concealed under his jacket. Any claim under section

---

1. All statutory references are to RSMo 1994 un-   less otherwise indicated.

571.030.3, whether preserved or not, is lacking in evidentiary support.

In his third point, the defendant asks for sanctions because the tape recording of his 911 call was erased by police. There is no duty to preserve the tape, which was not made in the course of a criminal investigation. Nor did the defendant show by testimony that the tape contained anything exculpatory. The defendant suggests that the tape would show threats by Woods–Harris, which we have found to be irrelevant to the charges in this case. See *State v. Reasonover*, 714 S.W.2d 706, 713 (Mo.App.1986).

In his final point the defendant argues that he was entitled to a directed verdict because the state has failed/ to refute claims of self defense and defense of dwelling, and because the evidence fails to establish the element of intent. As we have already held, the special negative defenses are not appropriate to the charges. The jury was specifically instructed that it had to find the element of intent. This could be found from the defendant's knowingly placing the weapon in his waistband, where it was covered by his jacket. He argues that he had no alternative to holding onto the gun, and that it might have been imprudent to display the gun openly when he knew the police were on the way. The jury was in a position to analyze these claims, and its verdict is supported by evidence. We do not have the authority to set aside a legal verdict. The prosecutor alone has the discretion to determine whether a criminal proceeding should be instituted. The rather light sentence shows that the trial court evaluated the defendant's claim and found that the guilty verdict was appropriate, even though there might be extenuating circumstances. The prosecutor, the jury and the trial court have performed their functions. We now.perform ours.

The judgment is affirmed.

CRAHAN, C.J., and RICHARD B. TEITELMAN, J., concur.