STATE of Missouri, Respondent,

v.

Jared R. DERENZY, Appellant.

No. SC 84267.

Supreme Court of Missouri, En Banc.

Nov. 26, 2002.

James R. Wyrsch, David A. Kelly, Kansas City, Elizabeth U. Carlyle, Lee's Summit, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

RICHARD B. TEITELMAN, Judge.

Appellant, Jared R. Derenzy, was accused of having sold ten dollars of marijuana to an undercover officer within 2,000 feet of Westminster College. He was charged with one count of delivery of a controlled substance within 2,000 feet of a school, in violation of section 195.214.1.[1]

Appellant requested that the trial court instruct the jury as to the lesser included offense of possession of marijuana. He provided a proposed instruction that failed to describe the charged offense accurately. Regardless of the erroneous description of the charged offense, the trial court ruled that possession of marijuana was not a

---

1. All statutory references are to RSMo 2000.

lesser included offense and declined to provide the jury with an instruction. The jury found Appellant guilty. Appellant was sentenced as a prior offender to a term of ten years imprisonment. After opinion by the Court of Appeals, Western District, the case was transferred to this Court. *Mo. Const. art. V, section 10.*

Possession of marijuana is a lesser included offense of delivery of a controlled substance within 2,000 feet of a school; Appellant's failure to submit a correct instruction waived all but plain error review of the point; and, once the lesser included offense instruction was requested, it was plain error resulting in manifest injustice that the trial court failed to submit such an instruction to the jury. The judgment is reversed, and the cause is remanded for a new trial.

## Lesser included offense

 Possession of marijuana is a lesser included offense of delivery of a controlled substance within 2,000 feet of a school. Section 556.046.1(1) provides that a lesser included offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged; . . . ." The elements of the two offenses must be compared in theory, without regard to the specific conduct alleged. *State v. Burns,* 877 S.W.2d 111, 112 (Mo. banc 1994). An offense is a lesser included offense if it is impossible to commit the greater without necessarily committing the lesser. *State v. Barnard,* 972 S.W.2d 462, 465 (Mo.App.1998).

The question is whether one who has delivered a controlled substance has necessarily also possessed the controlled substance. "Delivery" is defined in this context by section 195.010(8) as "the actual, constructive, or attempted transfer from one person to another of . . . a controlled substance, whether or not there is an

agency relationship, . . . ." The term "possession" includes both actual and constructive possession. Section 195.010(32) provides that a "person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint." Regardless of the method of transfer, one cannot deliver a substance without the power and intention to exercise dominion or control over the substance, necessitating some form of possession. Anyone who has delivered a controlled substance has necessarily possessed that substance. Therefore, the offense of possession of marijuana is a lesser included offense of delivery of a controlled substance within 2,000 feet of a school.

## Requirement of instruction

 The trial court was required to instruct the jury on the lesser included offense because both prerequisites were present: Appellant requested the instruction, and the evidence provided a basis for a verdict acquitting Appellant of the charged (greater) offense and yet convicting Appellant of the lesser offense. *State v. Mayes,* 63 S.W.3d 615, 636 (Mo. banc 2001); *State v. Fowler,* 938 S.W.2d 894, 898 (Mo. banc 1997). For there to be a basis for an acquittal of the greater offense, there must be a questionable essential element of the greater offense. If a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established, the trial court should instruct down. *State v. Hineman,* 14 S.W.3d 924, 927 (Mo. banc 1999). Doubts concerning whether to instruct on a lesser included offense should be resolved in favor of including the instruction, leaving it

to the jury to decide. *Id.* Appellant presented a defense of entrapment that would only apply to the greater offense's element of distribution, but that could still allow a jury to find that Appellant possessed marijuana. A defendant must specifically request that the jury be instructed on a lesser included offense. *State v. Black*, 50 S.W.3d 778, 788 (Mo. banc 2001). Once Appellant requested that the trial court provide the jury with an instruction on the lesser included possession offense, the instruction was mandatory.

■ The "court shall instruct the jury in writing upon all questions of law arising in the case that are necessary for their information in giving the verdict." Rule 28.02(a). A trial court does not commit error by rejecting an instruction that either misstates the law or would have confused the jury. *State v. Betts*, 646 S.W.2d 94, 99 (Mo. banc 1983); *State v. Parkhurst*, 845 S.W.2d 31, 36–37 (Mo. banc 1992).

■ Appellant was required to submit to the court proposed instructions and verdict forms. Rule 28.02(b). Appellant proposed an instruction, but it failed to describe the charged offense accurately. Therefore, it was not error for the trial court to have refused the specific instruction proposed by Appellant. Because both parties and the trial court failed to notice the flawed language of the proposed instruction, Appellant never submitted a correct instruction for the lesser included offense.

■ Appellant's failure to submit a correct instruction under these circumstances renders his claims of error unpreserved. *State v. Wurtzberger*, 40 S.W.3d 893, 897 (Mo. banc 2001). He has therefore waived Rule 28.03 review of the point.[2] *Id.* However, "[u]npreserved claims of plain error may still be reviewed under Rule 30.20 if manifest injustice would otherwise occur." [3] *Id.* at 898.

The trial court was not confused by the mistaken reference to the wrong charged offense in Appellant's proposed instruction. The trial court rejected it out of hand and not due to the mistaken language. Appellant's mistaken reference to the wrong charged offense was the type of mistake that could have been easily corrected by Appellant had the state pointed it out below.

Appellant was prejudiced by the trial court's failure to instruct the jury on the lesser included offense of possession. An instruction on the lesser included offense was mandatory. The trial court committed plain error by failing to provide one to the jury. Appellant could reasonably have been acquitted on the greater delivery offense, yet convicted of the lesser included possession offense. Therefore, the trial court's plain error resulted in manifest injustice.

The judgment is reversed, and the case is remanded for a new trial.[4]

WHITE, WOLFF and LAURA DENVIR STITH, JJ., concur.

> Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

2. Rule 28.03 provides, in pertinent part:
 Counsel shall make specific objections to instructions or verdict forms considered erroneous. No party may assign as error the giving or failure to give instructions or verdict forms unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

3. Rule 30.20 provides, in pertinent part:

4. As Appellant has been granted a new trial, the other claims of error raised in this appeal need not be reviewed.

LIMBAUGH, C.J., dissents in separate opinion filed.

BENTON and PRICE, JJ., concur in opinion of LIMBAUGH, C.J.

STEPHEN N. LIMBAUGH, JR., Chief Justice, dissenting.

I respectfully dissent.

It is an unfortunate twist of irony that the majority convicts the trial court of reversible error for refusing to submit an erroneous instruction. In so doing, the majority effectively overrules numerous cases holding expressly that a trial court cannot be convicted of error in refusing to submit an erroneous instruction. *See, e. g.,* *State v. Parkhurst,* 845 S.W.2d 31, 37 (Mo. banc 1992); *State v. Immekus,* 28 S.W.3d 421, 432–33 (Mo.App.2000); *State v. Binnington,* 978 S.W.2d 774, 776 (Mo.App. 1998); *State v. Powers,* 913 S.W.2d 138, 142 (Mo.App.1996); *State v. Colson,* 926 S.W.2d 879, 883 (Mo.App.1996). Indeed, until now the cases went so far as to say that the trial court is not obligated to give a proposed instruction that is not "meticulously correct," at least as to its fundamental statement of the law. *Binnington,* 978 S.W.2d at 776; *see also State v. Betts,* 646 S.W.2d 94, 99 (Mo. banc 1983) (concluding that a trial court commits prejudicial error when the instruction given misstates the law or confuses the jury). The implicit corollary to these cases, of course, is that trial courts have no duty to correct proposed erroneous instructions *sua sponte.*

This Court's decision in *Parkhurst* is particularly instructive. Defendant was convicted of unlawful use of a weapon, and on appeal, he claimed that the trial court erred in failing to give his proposed self-defense instruction. In affirming the conviction, this Court held that the instruction offered "misstated the legal standard by which defendant's right to self-defense must be measured," and, as a result, "the

trial court committed no error in rejecting the instruction...." *Parkhurst,* 845 S.W.2d at 36–37. However, under the majority analysis in this case, *Parkhurst* was wrongly decided because the trial court should have corrected the proposed self-defense instruction rather than rejecting it.

Here, the defendant concedes that the tendered lesser-included offense instruction was flawed, and, in my view, the flaw was much more than a mere drafting error. The instruction began by misidentifying the greater offense, stating, "If you do not find the defendant guilty of possession of more than five grams of marijuana with intent to deliver ...," as if that charge was the greater offense, when, in fact, the greater offense charged and submitted in the verdict director was that the defendant had delivered marijuana within 2,000 feet of the school. The inexplicable reference to "possession of more than five grams of marijuana with intent to deliver" was a significant misstatement of the law and certainly would have confused the jury.

As the majority notes, however, the trial court rejected the instruction for the wrong reason. But, regardless of the court's stated reason, the ruling rejecting the instruction must stand if it can be justified for any reason, *State v. White,* 936 S.W.2d 793, 794 (Mo. banc 1997), *State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991), which here, is that the instruction was not in proper form.

In any event, in an attempt to circumvent the problem that the instruction offered by defendant was defective, the majority suggests that the state was under an obligation to disclose the defect, and then holds that it was incumbent upon the court to correct the defect. This shifting of responsibility from the defense to the court and the prosecution is, of course, a dramatic departure from established case-

law. Until now, it has been incumbent on the defendant to ensure in the first instance that a proposed instruction is in proper form, and if not, the instruction may properly be rejected. *Parkhurst,* 845 S.W.2d at 37. Although under Rule 28.02(a), the court is under a duty "to instruct on all questions of law arising in the case that are necessary ...," under Rule 28.02(b), that duty is qualified by the requirement that "counsel shall submit to the court instructions and verdict forms that the party requests be given." Under these rules and the scheme of MAI CR3d, the trial court's duty to instruct on all questions of law is proactive only on instructions that are required to be given, whether requested or not. On the other hand, the duty is not proactive as to lesser-included offense instructions and other instructions that need not be submitted unless requested by one of the parties, *State v. Gorman,* 940 S.W.2d 543, 546 (Mo.App. 1997), such as the lesser-included offense instruction at issue here, *State v. Mayes,* 63 S.W.3d 615, 636 (Mo. banc 2001); sec. 556.046.2, RSMo 2000.

The reason for the rules is obvious: The trial court should not be required to inject itself in a case to correct a party's missteps in submitting proposed optional instructions. This concern is particularly evident in a case like this where there are several potentially appropriate optional instructions—the lesser included offense instructions of 1) possession of not more than thirty-five grams of marijuana, sec. 195.202(3); 2) delivery of not more than five grams of marijuana, sec. 195.211(3); and 3) possession with intent to deliver not more than five grams of marijuana, sec. 195.211(3). To be sure, the trial court's job will be fraught with error if courts are required to somehow divine a party's intent, strategy and reasoning in drafting and submitting such optional instructions. Indeed, the trial court is a neutral arbiter

and should not be put in the position of trying the case on behalf of one party or the other. That is the very problem Rule 28.02(b) seeks to avoid.

Of course, a trial court should always correct a proposed, flawed instruction where the flaw is patent, but trivial. In that situation, the intent of the party submitting the flawed instruction is clear, despite the trivial—non-prejudicial—error. However, where, as here, the optional instruction contains a major, substantive misstatement of law, the trial court has no duty to provide a cure, and failure to do so does not constitute error, plain or otherwise. Although the majority is correct that under *State v. Wurtzberger,* 40 S.W.3d 893 (Mo. banc 2001), instructional error can constitute plain error, an underlying error on which plain error can be predicated must first be shown. Here there was none.

In short, I would follow the well-established authority that allows a trial court to reject erroneous instructions, and for that reason, I would find no error and affirm the judgment entered.