**STATE of Missouri, Appellant,**

**v.**

**Phillip MARCH, Respondent.**

**No. ED 83213.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 2004.

---

Yvonne M. Yarnell, St. Louis, MO, for appellant.

David C. Stokely, Daniel L. Mohs, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

The State of Missouri ("State") appeals from the judgment of the trial court dismissing the charge of carrying a concealed weapon from the indictment against Phillip March ("defendant"). The State contends that the trial court erred in dismissing this charge on the basis that defendant was an authorized process server in the City of St. Louis at the time of his arrest. We reverse and remand.

The grand jury indicted defendant on three charges of unlawful use of a weapon related to events allegedly taking place on November 15, 2002 at approximately 1:00 a.m.: count I, possession of a firearm while intoxicated; count II, exhibiting a weapon in a threatening manner; and count III, carrying a concealed weapon, in violation of sections 571.030.1(5), 571.030.1(4), and 571.030.1(1) RSMo 2000, respectively.[1]

Defendant filed a motion to dismiss all counts of the indictment on the ground that he was a licensed process server at the time of the offenses, and therefore not in violation of section 571.030.1. The parties stipulated for the purpose of the hearing on this motion that defendant was a licensed process server at the time of the incident. Following the hearing on this motion to dismiss, the trial court sustained defendant's motion as to the third count, unlawful use of a weapon, carrying a concealed weapon, and denied it as to the other counts.

The State appeals from this order.

This Court has a duty to determine *sua sponte* whether it has jurisdiction to entertain an appeal. *State v. Dunn*, 103 S.W.3d 886, 887 (Mo.App.2003). Accordingly, we must first address whether or not this is an appealable judgment. The right of appeal in criminal cases for the State is governed by section 547.200 RSMo 2000. Section 547.200.1 sets out four situations in which the State can file an interlocutory appeal, none of which apply in the case at hand.[2] Rather this appeal is governed by section 547.200.2, which permits the State to appeal "in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." This does not explicitly require a final judgment. However, section 547.200.5 gives the Missouri Supreme Court the power to issue rules governing appeals by the State. The Missouri Supreme Court addressed this point in *State v. Burns*, 994 S.W.2d 941, 942 (Mo. banc 1999), stating "this Court's rules provide that a final judgment is required before the state may appeal a matter not enumerated in section 547.200.1."

---

**1.** Unless noted otherwise, all further statutory citations are to RSMo 2000.

**2.** The State can file an interlocutory appeal from any or judgment which has the substantive effect of resulting in: (1) quashing an arrest warrant; (2) a determination by the court that the accused lacks the mental capacity or fitness to proceed to trial; (3) suppressing evidence; or (4) suppressing an admission or confession. Section 547.200.1

The Missouri Supreme Court also said in *Burns* that "[I]n a criminal case, a judgment is final when the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge[.]" *Id* We believe that in the case at hand the dismissal is a final, appealable judgment as it purports to preclude any further prosecution on that charge.

■ We now turn to the State's sole point on appeal. The State contends that the trial court erred in dismissing count III of the indictment because defendant is not exempt from section 571.030.1(1) in that the scope of the exemption granted to valid process servers under section 506.145 to carry a concealed weapon is defined by Court Rule 4.2 of the Circuit Court of the Twenty–Second Judicial Circuit ("Court Rule 4.2"), and defendant's actions exceeded that scope.[3]

■ Our review of questions of law is de novo. *State v. Cook,* 104 S.W.3d 808, 811 (Mo.App.2003). Where an exception to a criminal statute is disconnected from the definition of the offense, that exception is a matter that the defendant must assert as an affirmative defense. *State v. Litterell,* 800 S.W.2d 7, 12 (Mo.App.1990). Ordinarily, an affirmative defense must be proved by the defendant. *State v. Wilkerson,* 616 S.W.2d 829, 835 (Mo. banc 1981). Because affirmative defenses must be proved by the defendant, a trial court could not sustain a pretrial motion to dismiss a charge merely because defendant asserts an affirmative defense. *See Sheehan v. Sheehan,* 901 S.W.2d 57, 59 (Mo.

banc 1995). In this case, the State and defendant stipulated for purposes of the motion to dismiss that at the time of the incident on November 15, 2002, defendant was a licensed process server. However, that stipulation does not prove defendant's affirmative defense absent additional evidence. For the reasons hereinafter noted, there is a question of law about the scope of the exemption from section 571.030.1(1) as well as a question of fact about whether defendant was engaged in serving process at the time of the incident.[4]

Section 571.030.1(1) prohibits the carrying of a concealed weapon, including a firearm. Section 506.145 permits any person authorized to serve process to carry a concealed firearm. Section 506.140.1 states that local court rules establish the procedures for the appointment of special process servers, and that such appointment only applies for the particular case for which process is to be served.

Contrary to defendant's contention, section 506.145 does not give process servers an unlimited right to carry a concealed weapon anywhere and anytime on personal business. Court Rule 4.2.2(8) of the Twenty–Second Judicial Circuit states that:

> Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency.... Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon

**3.** Section 506.145 seems largely redundant to section 571.030.2(5), which states that section 571.030.1(1) does not apply to "[a]ny person whose bona fide duty is to execute process, civil or criminal[.]"

**4.** Rule 27.01(a) requires that all issues of fact in a criminal case be tried by a jury unless the defendant waives a trial by jury as provided in Rule 27.01(b). Nothing in the record before this Court indicates that defendant waived trial by jury.

that is granted by the appointment, and shall constitute good cause for the revocation of the license [as a special process server].

This serves to limit the exemption contained in section 506.145 as applied to special process servers licensed by the Twenty–Second Judicial Circuit. Special process servers in that judicial circuit can only carry a concealed firearm when actually serving process, which is in accord with section 506.140.1's language that an appointment as a special process server only applies to the particular case for which the person is serving process.

The closest case on point is *State v. Binnington*, 978 S.W.2d 774 (Mo.App. 1998). In that case, a defendant who claimed to be a special process server licensed by the Circuit Court of the City of St. Louis, which is the Twenty–Second Judicial Circuit, was involved in a domestic disturbance at his residence in University City. When police responded to that disturbance, the defendant had a firearm concealed beneath his shirt. The defendant was not serving process at that time. He was charged with carrying a concealed weapon in violation of section 571.030.1(1) RSMo 1994, and convicted of that charge by a jury. On appeal the defendant argued that he was a special process server licensed by the Circuit Court of the City of St. Louis whose duty was to execute process, and therefore excused from complying with the law against carrying a concealed weapon pursuant to section 571.030.2(5) RSMo 1994. Regarding the license of a special process server, this Court said:

This license, however, only authorizes the holder to serve process when ap-

pointed by a court for a particular case. The privilege of a special process server does not confer the blanket authority to carry concealed weapons throughout the state. The statutory exemption only applies if the defendant introduces evidence that he was performing duties as a process server while carrying the weapon. (citation omitted).

*Binnington*, 978 S.W.2d at 776. *Binnington* essentially permits a special process server to claim the exemption to carry a concealed weapon only when defendant introduces evidence that he was performing duties as a special process server while carrying the weapon. *Id.*

No such evidence was presented to the trial court at the hearing on defendant's motion to dismiss.[5] Defendant did not prove his affirmative defense on the face of his motion even with the stipulation that he was a licensed process server. Accordingly, the trial court erred as a matter of law in dismissing Count III of the indictment. On remand, the parties may present evidence to the trier of fact on the issue of whether defendant was performing his duties as a process server while carrying the weapon at the time of the alleged offense, and was therefore exempt from complying with section 571.030(1). Point sustained.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

WILLIAM H. CRANDALL JR., J., and LAWRENCE E. MOONEY, J., concur.

5. Even if evidence had been presented on this issue of fact, the trial court could not have decided that issue unless defendant waived his right to trial by jury. Rule 27.01. As previously noted, nothing in the record before this Court indicates that defendant waived his right to trial by jury.