

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,           )
                                                   )
                 Respondent,     )
                                                 )
vs.                                        )         No. SC94646
                                                 )
ANWAR RANDLE,           )
                                                 )
                 Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
Honorable Robert S. Cohen, Judge

### *Opinion issued August 4, 2015*

Anwar Randle appeals from a judgment convicting him of first-degree trespass, second-degree assault, and armed criminal action.[1]  Mr. Randle asserts that the trial court erred by denying his request to instruct the jury on the lesser-included offense of third-degree assault.[2]  The judgment is vacated because the trial court erred by not instructing the jury on the lesser-included offense of third-degree assault.

---

[1] This Court has jurisdiction pursuant to Mo. Const. art. V, § 10.

[2] Mr. Randle also argues that the trial court plainly erred by holding the instructions conference in his absence.  This Court will not address this claim because the judgment is vacated based on the trial court's error in refusing to instruct the jury on the lesser-included offense of third-degree assault.

## Facts

In November 2009, Mr. Randle and two other men broke into a home occupied by Cameron Bass and Kena Coleman. Mr. Randle had been involved in a relationship with Ms. Coleman. Mr. Randle, armed with a bottle of vodka, and one of his companions, armed with a gun, went to the bedroom looking for Mr. Bass. Mr. Bass fled to an adjacent room, where he saw a man armed with a shotgun. Mr. Randle followed Mr. Bass and hit him repeatedly with the vodka bottle until the bottle broke on Mr. Bass' head. Mr. Randle and his two companions then left the house. Mr. Randle was arrested following a vehicle chase.

The State charged Mr. Randle as a prior offender with one count of first-degree burglary, one count of first-degree assault and two counts of armed criminal action. At trial, Mr. Randle testified that he entered the house using his own keys. He also testified that he threw the vodka bottle at Mr. Bass in self-defense.

The trial court instructed the jury that it could find Mr. Randle guilty of second-degree assault if the State proved beyond a reasonable doubt that Mr. Randle "knowingly" caused injury to Mr. Bass by shattering the vodka bottle over his head.[3] The trial court rejected Mr. Randle's proposed instruction on the lesser-included offense of third-degree assault, which would require the jury determine if Mr. Randle "recklessly" injured Mr. Bass.

---

[3] The trial court also instructed the jury on first-degree burglary, the lesser-included offense of first-degree trespass, first-degree assault and two counts of armed criminal action.

The jury found Mr. Randle guilty of trespass, second-degree assault and armed criminal action based on the assault. The trial court sentenced Mr. Randle to six months in the St. Louis County jail for trespass and seven years each in the Missouri Department of Corrections for the assault and armed criminal action convictions. Mr. Randle appeals.

## Analysis

Mr. Randle's first point on appeal is dispositive. Mr. Randle asserts that the trial court erred by refusing to submit his proposed jury instruction on the lesser-included offense of third-degree assault. Mr. Randle is correct.

Section 556.046.3, RSMo Supp. 2013, provides that a trial court must "instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense." There is almost always a basis in the evidence for acquitting the defendant of the immediately higher-included offense because the jury has a right to disbelieve all, some, or none of the evidence presented in a particular case. *State v. Jackson,* 433 S.W.3d 390, 399 (Mo. banc 2014). The State agrees that there was a basis in the evidence to acquit Mr. Randle of second-degree assault because, as recognized in *Jackson*, the jury, in its role as finder of fact, could disbelieve the State's evidence. The issue in this case is whether there is a basis in the evidence for convicting Mr. Randle of the lesser-included offense of third-degree assault. If there is a basis in the evidence for convicting Mr. Randle of third-degree assault, then the trial court erred by refusing to submit that instruction to the jury.

"[T]he jury's right to disbelieve all or any part of the evidence, and its right to refuse to draw any needed inference, is a sufficient basis in the evidence to justify giving any lesser included offense instruction when the offenses are separated only by one differential element for which the state bears the burden of proof." *Jackson*, 433 S.W.3d at 401. Lesser-included offenses that are separated from the greater offense by one differential element for which the state bears the burden of proof are referred to as "nested" lesser-included offenses. A "nested" lesser-included offense consists of a subset of the elements of the greater offense. Consequently, "it is ***impossible to commit*** the greater without ***necessarily committing*** the lesser." *Id*. at 404 (quoting *State v. Derenzy*, 89 S.W.3d 472, 474 (Mo. banc 2002)) (emphasis in original). A defendant is entitled, upon proper request, to an instruction on a "nested" lesser-included offense and, therefore, does not have to introduce affirmative evidence or "cast doubt" over the State's evidence in any way. *Id.* at 401-402.

In pertinent part, section 565.060[4] defines the crime of second-degree assault as "knowingly" causing physical injury to another person. Section 565.070 defines the crime of third-degree assault as "recklessly" causing physical injury to another person. Section 562.021.4 provides that, "[w]hen recklessness suffices to establish a culpable mental state, it is also established if a person acts purposefully or knowingly." Therefore, proof that Mr. Randle committed second-degree assault by "knowingly" causing physical

---

[4] All references to statutes are to RSMo 2000, unless indicated otherwise.

injury to Mr. Bass necessarily means there was also a basis in the evidence for the jury to convict Mr. Randle of third-degree assault by "recklessly" causing physical injury to Mr. Bass. Mr. Randle was entitled to his properly requested instruction on the nested lesser-included offense of second-degree assault.

The State argues that third-degree assault is not a "nested" lesser-included offense within the offense of second-degree assault because the different mental states do not constitute differential elements. The State reasons that each offense involved "physical injury," but second-degree assault requires proof that the defendant "knowingly" caused physical injury while third-degree assault requires proof that the defendant "recklessly" caused physical injury. The State concludes that "knowingly" is not a differential element that, when removed from the greater offense, leaves a smaller subset of elements that comprise the offense of assault in the third degree.

The State's argument is without merit. The offenses of second- and third-degree assault require the State to prove that the defendant acted with a different intent with respect to the infliction of physical injury. Therefore, different mental states are required to prove the separate offenses of second- and third-degree domestic assault, and these different *mens rea* requirements are differential elements on which the State bears the burden of proof. The remaining element of both offenses, the infliction of physical injury, remains the same. Second- and third-degree assault are "nested" lesser-included offenses.

The State also argues that the evidence showing that Mr. Randle smashed the vodka bottle over Mr. Bass' head cannot support an inference of recklessness because

5

such conduct is practically certain to result in injury and, therefore, supports only an inference that Mr. Randle "knowingly" caused physical injury to Mr. Bass. This argument is foreclosed by section 562.021.4, in which the legislature specifically provided that "knowingly" engaging in criminal conduct establishes that the conduct was also reckless. Therefore, if Mr. Randle "knowingly" inflicted physical injury, he necessarily engaged in conduct sufficient to establish that he "recklessly" inflicted physical injury. The offense of third-degree assault is a "nested" lesser-included offense within the offense of second-degree assault, and Mr. Randle was entitled to his requested instruction.

## Conclusion

The trial court erred by refusing Mr. Randle's proffered jury instruction on the nested lesser-included offense of third-degree assault. Consequently, Mr. Randle's conviction for second-degree assault is vacated. Mr. Randle's conviction for armed criminal action based on his assault conviction is also vacated.

The judgment is vacated, and the case is remanded.

_____
Richard B. Teitelman, Judge

All concur.