George W. Draper III, Judge,
concurring in result.
I diverge from the principal opinion’s analysis in several aspects. First, I would find that a trial court is required to submit any lesser-included offense requested by a defendant. Second, I would find the trial court failed to instruct the jury on the lesser-included offense' of sécond-degree felony murder when Robert Blake Blurton (hereinafter, “Blurton”) requested the instruction and the instruction was supported by evidence presented at trial, but due to Blurton’s failure to submit a properly worded instruction or to request the opportunity to modify his instruction, there was no prejudice. Third, there was no need to overrule State v. Derenzy, 89 *789 S.W.3d 472 (Mo. banc 2002), sub silentio. Accordingly, I concur in result only.

The trial court is required to instruct on the lesser-included offense

Blurton’s first point on appeal alleges, “The trial court failed to give a lesser-included offense instruction (felony murder) that was supported by the evidence and was the theory primarily argued‘by the defense ” Review of a trial court’s decision whether to give a requested jury instruction pursuant to section 556.046, RSMo Supp. 2002,[1] is de novo. State v. Jackson, 433 S.W.3d 390, 395 (Mo. banc 2014). When “the statutory requirements for giving such an instruction are met, a failure to giye a requested instruction is reversible error.” Id.
Section 556.046.1 sets forth three situations wherein an offense is considered “included” in another offense. An offense is considered to be- a lesser-included offense when:
(1) It is established by proof of the same or less than all the facts required to establish, the commission of the offense charged; or
(2) It is specifically denominated by statute as a lesser degree of the offense charged; or-
(3) It consists of an attempt to- commit the offense charged or to commit an offense otherwise included therein.
Section 556.046.1.
While second-degree felony murder does not meet the traditional “elements' test” as set forth in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), it is denominated specifically as a lesser-included offense by our Missouri legislature. State v. Griffin, 756 S.W.2d 475, 485 (Mo. banc 1988). Section 565.025.2(l)(a), RSMo 2000,[2] provides that felony murder and conventional second-degree murder are both lesser-included offenses of first-degree murder. The requirement of section 556.046.1(2) is met.
Section 556;046 next contemplates when a trial court is required to instruct a jury on a lesser-included offense. Section 556.046.2 states that the trial court is not required to instruct the jury on a lesser-included offense “unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him [or her] of the included offense!” Further, section 556.046.2 provides that a “charged offense” is one that is included in the indictment or information or “is an offense submitted to the jury because there is a basis for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense.” Here, the state presented evidence that there was • missing property from the victims.' Accordingly, this subsection is met.
, Finally, section -556.046.3 provides the trial court is “obligated to instruct the jury with respect, to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately .higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.”
“The decision of what evidence to believe or disbelieve belongs solely to the jury.” State v. Pierce, 433 S.W.3d 424, 432 (Mo. banc 2014). The trial court “is required to decide what facts a reasonable jury may find from the evidence, but it is never permitted to go further and decide what facts the jury must find.” Id. (Emphasis in original). A trial court may not *790 usurp the jury’s duty by limiting its inquiry.
Here, the state requested the instructions for first-degree murder and the lesser-included offense of conventional second-degree murder. The trial court accepted both instructions. Thereby, it implicitly recognized there was a basis upon which the jury could acquit Blurton of first-degree murder because it instructed the jury on the lesser-included offense of second-degree murder. Blurton additionally requested the instruction for second-degree felony murder be submitted as a lesser-included offense. Yet, the trial court refused Blurton’s request.
There is no prohibition on submitting two lesser-included instructions. It is clear that both conventional second-degree murder and second-degree felony murder may be submitted to the jury as lesser-included offenses of first-degree murder. MAI-CR 3d 314.06 Note 5. The only qualification in submitting all lesser-included instructions is that there must be a basis in the evidence to support the instructions and the instructions are “requested by one of the parties or the court.” Section 565.025.3.
In Jackson and its progeny this Court found that any lesser-included offense that meets the traditional “elements test” as set forth in Blockbwrger is a “nested” offense and meets the requirement of section 556.046.1. When reviewing whether the trial court erred in failing to instruct the jury on the lesser-included offense as required by section 556.046.2 and .3, Jackson and Pierce determined that a trial court commits reversible error in failing to instruct the jury on the lesser-included, “nested” offense. This occurs because if the evidence is sufficient to convict the defendant of the greater charged offense, there is always sufficient evidence to convict the defendant of the lesser-included offense in that the jury may “disbelieve all or any part of the evidence concerning that differential element.” Pierce, 433 S.W.3d at 430 (citing Jackson, 433 S.W.3d at 404-06). Further, this Court stated that a
defendant not only does not need to introduce affirmative evidence, he [or she] does not have to ‘cast doubt’ over the state’s evidence via cross-examination or explain to the judge or jury precisely how or why the jury can disbelieve that evidence and so acquit him [or her] of the greater offense and convict him [or her] of the lesser.
Jackson, 433 S.W.3d at 401-02.
While the lesser-included instruction at issue in this case is not a “nested” instruction, it still is a lesser-included instruction because it has been denominated as such by statute. Rather than ignore our legislators’ directive in section 556.046, I would find that the statutory requirements were met and, just as in Jackson, find that a trial court is obligated to instruct the jury on a lesser-included offense, provided “there is a basis in the evidence for convicting the defendant of that particular included offense.” Section 556.046.3. “Doubts concerning whether to instruct on a lesser-included offense should be resolved in favor of including the instruction, leaving it to the jury to decide.” Jackson, 433 S.W.3d at 399 (quoting Derenzy, 89 S.W.3d at 474-75). Should the jury not believe the defendant, it will convict on the “higher” offense without regard to the lesser-included instruction. Inclusion of a requested, lesser-included instruction that complies with our legislators’ mandate in section 556.046 should be given.
Here, the evidence submitted by the state during the trial supported the submission of Blurton’s requested second-degree felony murder instruction. To prove felony murder, there must be evidence showing that the homicide occurred during *791 the commission or attempted commission of a felony. State v. Agee, 350 S.W.3d 83, 91-92 (Mo.App.S.D.2011). In this case, the state presented evidence, which may or may' not be believed by the jury, that a robbery occurred at the victims’ home. Further, the jury may or may not believe that there was an intent to kill as opposed to merely committing a robbery. Each, of these two types of second-degree murder are of equal status, and Blurton was entitled to submit both theories to the jury. ’ I would find that the trial court erred in failing to submit the requested lesser-included instruction. While the trial court committed reversible error in failing to submit a requested lesser-included instruction, reversal of the underlying conviction is mandated only when the trial court’s error was prejudicial to the defendant. State v. Deck, 303 S.W.3d 527, 548 (Mo. banc 2010).

Prejudice

Blurton’s proffered lesser-included instruction failed to comply with MAI-CR 3d 323.04 because his instruction did not contain a description of the property that he allegedly took. “The giving or failure to give, an instruction or verdict form in violation of this Rule 28.02 or any applicable Notes On Use shall constitute error, the error’s prejudicial effect to be judicially determined_” Rule 28.02(f). While the trial court was not required to give an instruction that failed to comply with the MAI, the law is unclear as to whether the trial court should have provided Blurton the opportunity to modify his proffered instruction to comply with the MAI before tendering the instructions to the jury.[3] However, this point need not be resolved at this time.
Missouri places a “great emphasis on legally correct instructions, and this Court has made it clear that criminal defendants should be freely allowed to argue their contentions arising from the facts.” State v. Westfall, 75 S.W.3d 278, 284 (Mo. banc 2002). The presumption of prejudice, which arises from the failure to provide an instruction, can be overcome if the state clearly establishes the error did not result in prejudice. Id. “An appellate court will not remand for a new trial oh thé basis of an error that did not violate a defendant’s constitutional rights unless ‘there is a reasonable probability that the' trial court’s error affected' the outcome of' the trial.’ ” Jackson, 433 S.W.3d at 424 n. 4 (quoting State v. Forrest, 183 S.W.3d 218, 224 (Mo. banc 2006)).
I believe that under the circumstances of this case, Blurton was not prejudiced by the trial court’s failure to provide an instruction for second-degree felony murder that was predicated upon a robbery because the jury explicitly rejected the facts that would have established the robbery by rejecting those applicable aggravating factors in the penalty phase. ‘ Further, Blurton did hot request an opportunity to modify his proffered instruction to comply with the MAI. Hence, while it was error to not submit the lesser-included instruction, Blurton is unable to demonstrate he was prejudiced by this error.
Derenzy’s Validity
In reaching its result, the principal opinion overruled, by implication, the holding in Deremy, which allowed plain error re *792 view of improperly worded jury instructions. Op. at 767-69 n. 7. I believe the principal opinion overreached in interpreting the intersection between Rule 28 and the holding in Derenzy.
Derenzy found that because the defendant submitted an incorrect lesser-included offense instruction, the defendant was unable to avail himself of the mandatory review included in Rule 28. Derenzy, 89 S.W.3d at 475. Derenzy recognizes that, “A trial court does not commit error by rejecting an instruction that either misstates the law or would have confused the jury.” Id.. However, because the, defendant could, not take advantage of Rule 28 review, he could only receive plain error review to determine whether there was a manifest injustice in failing to instruct the jury on the requested, lesser-included instruction. Id. The Court then found that because submitting the requested lesser-included instruction was mandatory and the defendant could have .been acquitted on the greater offense, there was plain error in not submitting a proper lesser-included offense instruction. Id.
, I. believe that there is no conflict in Derenzy between our general principles of instructional review and Rule 28. Derenzy provides clear guidance regarding review of an incorrectly worded, requested, lesser-included instruction. This is the. analysis that I believe should be followed and, as detailed in this concurrence, I demonstrated could be used to reach the same result. By the principal opinion’s assertion that Derenzy’s review provided by Rule 28 is in conflict with the proposition that a trial court does not commit error by submitting an incorrect instruction, the principal opinion overrules Derenzy sub silentio. ,
I believe that as justice requires, this Court should always be able to invoke plain error review as Rule 30.20 allows. There is no need to limit this Court’s ability to review errors that result in manifest injustice. Plain error review is discretionary; it is not mandatory review. Rule 30.20; see also State v. Taylor, 466 S.W.3d 521, 533 (Mo. banc 2015) and State v. Collings, 450 S.W.3d 741, 769 (Mo. banc 2014).
A “decision of this Court should not be lightly overruled.” Eighty Hundred Clayton Corp. v. Dir. of Revenue, 111 S.W.3d 409, 411 m 3 (Mo. banc 2003). Stare deci-sis “promotes stability in the law by encouraging courts to adhere to precedents.” State v. Honeycutt, 421 S.W.3d 410, 422 (Mo. banc 2013).
This Court consistently, and recently, has allowed plain error review of instructions “when it is clear that the trial court has so misdirected or failed to instruct the jury that manifest injustice or miscarriage of justice has resulted.” State v. Hunt, 451 S.W.3d 251, 260 (Mo. banc 2014) (citing State v. Ousley, 419 S.W.3d 65, 75 (Mo. banc 2013)). I would not limit this Court’s ability to provide plain error relief when there is a manifest injustice that results in prejudice to a defendant. I see .no need to diminish this Court’s holding in Derenzy in a footnote without further guidance and explanation to future litigants and defendants as to the implications of that decision. '
Conclusion
Accordingly, I concur with the principal opinion in result only.

. All further references to this section are RSMo 2000. ,

. This is especially so in this case as the state’s objection was that the instruction was not in the proper form or had the proper accompanying instructions. There was no specific reference to the failure to comply with MAI-CR 3d 323.04. Additionally, Blurton did not request, on the record, to modify his proffered instruction in order to comply with the proper form.